**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIYAZ ZAFAR,<br><br>Plaintiff,<br>v.<br><br>AVET PHARMACEUTICALS LAB, *et al.*,<br><br>Defendants. | Civil Action No. 22-7024 (GC) (JBD)<br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

     **THIS MATTER** comes before the Court by way of a Motion to Dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) by Defendant[1] Heritage Pharma Labs Inc. d/b/a Avet Pharmaceuticals Labs Inc.[2] ("Defendant"). (ECF No. 9.) Plaintiff Riyaz Zafar, proceeding *pro se*, opposed (*see* ECF No. 12), and Defendant replied (ECF No. 14). The Court has carefully considered Defendant's submission and decides the motion without oral argument pursuant to Rule

---

[1] The Court also notes that Plaintiff names Mr. Sandeep Katwala as a Defendant in the Complaint. However, upon the Court's review of the docket, it appears that Plaintiff failed to serve the Complaint and Summons on Mr. Katwala. Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If Plaintiff wishes to have Mr. Katwala continue as a Defendant in this case, Plaintiff shall serve Mr. Katwala in accordance with the applicable civil rules within thirty (30) days of the entry of this Memorandum Order.

[2] Plaintiff apparently misidentifies and misnames Defendant in the Complaint as "Avet Pharmaceuticals Lab." (*See generally* ECF No. 1.) However, Defendant asserts that its proper name is Defendant Heritage Pharma Labs Inc. d/b/a Avet Pharmaceuticals Labs Inc. (ECF No. 9 at 5.)

1

78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and for good cause shown, the Court **GRANTS** Defendant's Motion to Dismiss.[3] (ECF No. 9.)

## I. BACKGROUND

Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission sometime in late 2021 or early 2022 following his termination from Defendant. (ECF No. 1-4 at 1[4].) On September 7, 2022, the EEOC notified Plaintiff that they were not going to proceed with an investigation, and that he had a right to sue within 90 days. (*Id.*) Plaintiff timely filed this Complaint in conjunction with an application to proceed *in forma pauperis* ("IFP") on December 5, 2022. (ECF No. 1.) The Court granted Plaintiff's IFP Application on December 9, 2022. (ECF No. 3.)

Plaintiff's Complaint only asserts two allegations: (1) "I was subjected to adverse [] terms and conditions of employment as majority of my colleagues are Indian and I am from Pakistan and different religion"; and (2) "[Defendant] wrongfully terminated me while I was on leave of absence."[5] (ECF No. 1 at 3.)

---

[3] Plaintiff also filed a Motion for Leave to File a Sur Reply on March 30, 2023. (ECF No. 14.) Upon the Court's review of the Motion, the proposed sur-reply is largely repetitive of the arguments in Plaintiff's opposition papers. *See Metex Mfg. Corp. v. Manson*, Civ. No. 05-2948, 2006 WL 8458256, at *8 (D.N.J. Aug. 8, 2006) (denying request for leave to file sur-reply, "[b]ecause Plaintiff has demonstrated no extraordinary circumstances justifying the proposed sur-reply, and because Plaintiff already had an opportunity in its opposition brief to provide full disclosure and to preserve the record . . . ."). As a result, Plaintiff's Motion is **DENIED**. (ECF No. 14.)

[4] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[5] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

Defendant urges the Court to dismiss Plaintiff's Complaint because it "is devoid of a single factual allegation explaining his legal claims or the basis for the purported liability." (ECF No. 9-1 at 10.) Plaintiff's one-paragraph opposition largely ignores Defendant's legal arguments and Plaintiff instead asserts, without support, that "[Plaintiff] suffered racial bias as well as discrimination on the job. . . . [Plaintiff] asserts the facts that he was racially profiled, discriminated against, and that his Civil Rights were violated while on the job." (ECF No. 12 at 2.)

## II. **LEGAL STANDARD**

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Rule 8 maintains a "threshold requirement that a complaint must contain a "plain statement" indicating that the complaint possesses enough heft to "sho[w] that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557.

On a Rule 12(b)(6) motion for failure to state a claim, "a court must 'accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the well-

pleaded facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

As noted above, Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Attorney General of U.S.*, 655 F.3d 333, 339 (3d. Cir 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing Fed. R. Civ. P. 8(f)). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[P]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citation omitted).

### III.   DISCUSSION

The Court dismisses Plaintiff's Complaint without prejudice because it fails to satisfy Rule 8. Rule 8 is an essential pleading requirement as it "gives the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. As a threshold matter, while Plaintiff indicates that this case arises under federal question jurisdiction, Plaintiff's Complaint fails to allege any federal constitutional or statutory right his claim for wrongful

4

termination arises under.[6] (ECF No. 1 at 2.) While the Court is aware of its duty to broadly construe *pro se* pleadings, Plaintiff's failure to cite any federal statute or constitutional provision his causes of action arise under makes the Complaint deficient under Rule 8. *See Balice v. United States*, Civ. No. 17-10291, 2019 WL 4880851, at 1 (D.N.J. Jan. 15, 2019) (dismissing for failure to satisfy Rule 8 because "Plaintiff's potential causes of action are unclear, and the facts provided in his Complaint are insufficient to support a claim entitling him to relief."). *see also Roy v. Supreme Ct. of U.S.*, 484 F. App'x 700 (3d Cir. 2012) (affirming district court's dismissal under Rule 8). Additionally, without setting forth any federal cause of action Plaintiff's claims arise under, it is impossible for the Court to determine whether Plaintiff has pled "enough factual matter (taken as true)" to determine whether Plaintiff has set forth "the required elements of a cause of action." *Atkinson v. Middlesex Cnty.*, Civ. No. 09-4863, 2010 WL 398500, at 3 (D.N.J. Jan. 28, 2010).

Even broadly construing Plaintiff's Complaint as stating a cause of action for employment discrimination under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act of 1990, which Plaintiff does not, the Court finds Plaintiff's Complaint would still be deficient under Rule 8. *See* Civil Rights Act of 1964, 42 U.S.C. s 2000e—2(a)(1); Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101–12213. Plaintiff's Complaint only contains two conclusory allegations, which lack supporting facts, that he was discriminated against: 1) "I was subjected to adverse [] terms and conditions of employment as majority of my colleagues are Indian and I am from Pakistan and different religion"; and 2) "[Defendant] wrongfully terminated

---

[6] Plaintiff's opposition contains allegations that his civil rights were violated, but Plaintiff makes no mention of his civil rights within the Complaint. (ECF No. 12 at 2.) A complaint may not be amended by subsequent motion-to-dismiss-related briefs. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). If Plaintiff intends to assert a civil rights violation as a cause of action, Plaintiff must do so through an amended complaint.

5

me while I was on leave of absence." (ECF No. 1 at 3.) "These bare assertions of illegality amount to 'legal conclusion[s] couched as factual [] allegation[s].'" *Catalano v. Twp. of Upper Freehold*, Civ. No. 12-6393, 2013 WL 5863742, at 4 (D.N.J. Oct. 30, 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Plaintiff's conclusory allegations are not enough to satisfy Rule 8 as conclusory allegations are not entitled to be assumed true. *Iqbal*, 556 U.S. 681 ("As such, the allegations are conclusory and not entitled to be assumed true." (citing *Twombly*, 550 U.S., at 554–555)); *Lopez v. Beard*, 333 F. App'x 685, 687 (3d Cir. 2009) (affirming dismissal because "[the plaintiff] does not offer any specifics about these alleged incidents which would permit a court to reach the conclusion that they were discriminatory.") Without more, Plaintiff's Complaint fails to demonstrate more than a "mere possibility of misconduct," and, therefore, must be dismissed without prejudice. *Gelman*, 583 F.3d at 190 (quoting *Iqbal*, 556 U.S. at 679); *see also Murray v. Fed. Rsrv. Sys.*, Civ. No. 23-199, 2023 WL 2214251, at 2 (W.D. Pa. Feb. 24, 2023) ("A complaint, or in this case a collection of documents, that contains no discernible facts or narrative explaining the events giving rise to the alleged causes of actions, and that fails to comply with Rule 8, is properly dismissed.").

## IV.   ORDER

IT IS on this 14th day of September, 2023, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff shall be granted leave to file an amended complaint curing the deficiencies set forth above within thirty (30) days of the entry of this Memorandum Order.

3. The Clerk of Court shall **TERMINATE** ECF No. 9.

4. Plaintiff's Motion for Leave to File a Sur Reply is **DENIED**.

5. The Clerk of Court shall **TERMINATE** ECF No. 14.

6. Plaintiff shall serve Mr. Katwala in accordance with the applicable civil rules within thirty (30) days of the entry of this Memorandum Order, if Plaintiff wishes to have Mr. Katwala continue as a Defendant in this case. Failure to do so will result in Mr. Katwala's dismissal.

7. The Case shall be **ADMINISTRATIVELY CLOSED** and will be reopened upon Plaintiff filing an amended complaint.

Date: September 14th, 2023

Georgette Castner
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE